UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DJUANE LAMAR FLETCHER,<br><br>Petitioner,<br><br>STUWART SHERMAN, Warden,<br><br>Respondent. | NO. CV 20-8538-DSF (AGR)<br><br>ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED |

On August 31, 2020, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence.  (Dkt. No. 1 at 1-2.)  On the face of the Petition, it appears that his claims are both untimely and unexhausted.  The court orders Petitioner to show cause, in writing, on or before *January 28, 2021*, why the court should not recommend dismissal of the Petition as barred by the statute of limitations and/or unexhausted.

**I.**

**PROCEDURAL HISTORY**

On June 16, 2015, Petitioner pleaded guilty to carjacking and admitted one prior violent felony under the Three Strikes Law and one prior prison term

allegation (Case No. LA079640). (Dkt. No. 1 at 2.)[1] On March 28, 2017, he was sentenced to an aggregate term of imprisonment of fifteen years. (Dkt. No. 3 at 15.) Petitioner did not pursue direct appeal.[2] (Dkt. No. 1 at 2; Dkt. No. 3 at 16.)

According to the California appellate website, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal on February 11, 2019. The petition was summarily denied on February 20, 2019. (Case No. B295573.) On March 15, 2019, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. The petition was summarily denied on June 12, 2019. (Case No. S254706).

On September 30, 2019, Petitioner filed a petition for writ of mandate or prohibition in the California Court of Appeal. The petition was summarily denied on October 16, 2019. (Case No. B301076.)

On September 30, 2019, Petitioner filed a petition for writ of habeas corpus in the Los Angeles County Superior Court, which denied it on October 16, 2019. (Dkt. No. 1 at 3-4.) Finally, Petitioner filed two more petitions for writ of habeas corpus in the California Supreme Court: a November 18, 2019 petition which the court denied on February 2, 2020 (Case No. S259152), and a March 27, 2020 petition which the court denied on July 8, 2020 (Case No. S261504).

Petitioner constructively filed the underlying Petition on August 31, 2020.

---

[1] *See* Fed. R. Evid. 201; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting court may take judicial notice of state court docket).

[2] Petitioner alleges in the Petition that he filed a petition for review, but he gives the case number (S261504) of his habeas petition in the California Supreme Court. (Dkt. No. 1 at 3; *see* https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2316017&doc_no=S261504&request_token=NiIwLSEmXkw2W1BFSCItTE5IMDw0UDxTJSJOUzpSMCAgCg%3D%3D.) No petition for review was filed because Petitioner did not appeal his conviction or sentence to the California Court of Appeal. (Dkt. No. 1 at 2.)
Petitioner apparently submitted a belated notice of appeal November 4, 2019. That notice was marked lodged or received" and the case was dismissed on March 4, 2020. (Case No. B302643; Dkt. No. 3 at 16.)

(Dkt. No. 1 at 24.)

## II.

## **DISCUSSION**

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to this action, contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). The statute of limitations applies to each claim on an individual basis. *See Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).

### 1. The Date on Which Conviction Became Final

Under 28 U.S.C. § 2244(d)(1)(A), the limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review.

Petitioner was sentenced and judgment was entered no later than March 28, 2017. He did not pursue direct appeal. Thus, his conviction and sentence became final 60 days after March 28, 2017. *See People v. Mora*, 214 Cal. App. 4th 1477, 1482 (2013) (imposition of sentence is equated with entry of final judgment); *see also* California Rules of Court, rule 8.308(a). Petitioner could not petition for a writ of certiorari from the United States Supreme Court because he did not appeal his conviction and sentence to California Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (citing 28 U.S.C. §§ 1257 and Sup. Ct. R. 13). Thus, Petitioner's conviction became final on May 30, 2017, when his deadline to appeal his conviction and sentence expired. The AEDPA statute of limitations period expired one year later, on May 30, 2018.

Petitioner constructively filed this Petition on August 31, 2020, over two

years later.  (Dkt. No. 1.)  Absent a showing that the accrual date was delayed or the limitations period was tolled, the Petition is untimely.

### 2.    Delayed Accrual– § 2244(d)(1)(D)

Under § 2244(d)(1)(D), the limitations period starts running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  The "'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered."  *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012).

Petitioner has not argued that he is entitled to a later start date than the date his conviction and sentence became final, and no basis for delayed accrual is apparent from the record.

### 3.    Statutory Tolling

Generally, the statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008).  However, once the limitation period has expired, later-filed state habeas petitions do not toll the limitation period.  *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

All of Petitioner's state habeas petitions were filed well after the AEDPA limitation period expired.  (*See* Section I., *supra*.)  Accordingly, the Petition is untimely unless Petitioner can demonstrate that he is entitled to equitable tolling.

### 4.    Equitable Tolling

A petitioner who files a federal habeas petition after the expiration of the one-year statute of limitations may be entitled to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010).  The petitioner must show that he was diligently pursuing his rights, but some extraordinary circumstance stood in his way and prevented timely filing.  *Id*.; *see Bills v. Clark*, 628 F.3d 1092, 1097 (9th

Cir. 2010) (["E]quitable tolling is available where the prisoner can show extraordinary circumstances were the cause of an untimely filing.") "A petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted).

Here, Petitioner has not presented any basis for equitably tolling the federal statute of limitations. The Petition remains untimely.

**B.     Exhaustion**

As a matter of comity between state and federal courts, a federal court generally will not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies. *See Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Indeed, the law provides that a habeas petition brought by a person in state custody cannot be granted "unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999). A claim has not been fairly presented to a state court unless the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam); *Greenway v. Schriro*, 653 F.3d 790, 801 (9th Cir. 2011).

A district court may raise a failure to exhaust sua sponte. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992) Importantly, Petitioner bears the

burden of demonstrating that he has exhausted available state remedies. *See Rollins v. Superior Court of Los Angeles*, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010); *see also Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972).

Here, Petitioner asserts three claims in his Petition: (1) Cal. Penal Code § 215(A) is not a violent crime; (2) failure to separately charge enhancements under Cal. Penal Code §§ 667(A) and 667.5(B) violated his Sixth and Fourteenth Amendment rights, and Due Process rights; and (3) Petitioner should have been permitted to withdraw his guilty plea in light of the new law. (Dkt. No. 1 at 5-6.)

The Petition does not state that Petitioner alerted the California Supreme Court that he was alleging violations of his federal constitutional rights. *See Duncan*, 513 U.S. at 365-66 ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."). Petitioner appears to have alleged violations of his Sixth and Fourteenth Amendment and Due Process rights in his habeas petition with the California Supreme Court, but it looks like he did so in the context of his ineffective assistance of counsel claim and not the sentence enhancements challenge. (*See* Dkt. No. 1 at 3.) In fact, Petitioner appears not to have mentioned sections 667(A) and 667.5(B) sentence enhancements in his habeas petition before the California Supreme Court at all. (*See id*.) While Petitioner also states that he challenged the characterization of Cal. Penal Code § 215(A) and "AB 1618 Plea Bargain," he does not state whether he alleged that either violated his federal constitutional rights.[3] (*See id*.)

Petitioner also contends that he currently has a habeas petition pending in the Los Angeles County Superior Court which he filed on June 16, 2020, and in

---

[3] Notably, with respect to his plea bargain claim included in this Petition, Petitioner references only California state law. (Dkt. No. 1 at 6.)

6

which he also asserted his "withdraw[a]l of plea deal A.B. 1618" claim.[4]  (*Id.* at 8.) In sum, Petitioner has not demonstrated that any of the claims in his Petition are properly exhausted.

### III.
### ORDER

Therefore, the court orders Petitioner to show cause, on or before **January 28, 2021**, why the court should not recommend dismissal of the Petition with prejudice as barred by the statute of limitations, or without prejudice as unexhausted, for the reasons set forth above.  If Petitioner does not respond to this Order to Show Cause, the court will recommend that the Court dismiss the Petition with prejudice as barred by the statute of limitations.

DATED: December 28, 2020

*[signature: alicia G. Rosenberg]*

ALICIA G. ROSENBERG
United States Magistrate Judge

---

[4] To the extent Petitioner intended to incorporate the rest of the claims currently pending before the Los Angeles Superior Court in his federal habeas petition (*see* Dkt. No. 1 at 15-22), none are exhausted.